IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DWIGHT E. REBER,           )<br>                                              )<br>             Petitioner,          )<br>                                              )<br>v.                                         )<br>                                              )<br>I.C.C. WARDEN JEFF CONWAY, )<br>                                              )<br>             Respondent.       )<br>_____) | Case No. CV-06-47-S-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in this habeas corpus action is Respondent's Motion for Summary Dismissal. (Docket No. 8.) Having reviewed the record and the parties' briefing, the Court finds that oral argument is unnecessary to resolve this matter.

For the reasons that follow, the Court will grant Respondent's Motion, and Claims 1, 2, and that portion of Claim 3 alleging ineffective assistance of counsel shall be dismissed. The Court will deny Petitioner's request to stay this case pending exhaustion of these claims in state court.

## I.

## BACKGROUND

After a jury trial in state district court, Petitioner was convicted of one count of lewd conduct with a minor. The state court sentenced him to sixteen years in prison for this conviction, with the first four years fixed. Petitioner pursued a direct appeal, wherein

MEMORANDUM ORDER 1

the judgment and sentence were affirmed by the Idaho Court of Appeals, and the Idaho Supreme Court subsequently denied his petition for review.

Petitioner also filed an application for post-conviction relief in state district court while his direct appeal was pending. The application was ultimately dismissed, and the Idaho Court of Appeals affirmed. The Idaho Supreme Court again denied the petition for review and issued the remittitur on December 12, 2005.

On February 2, 2006, Petitioner filed his federal Habeas Corpus Petition, alleging that (1) his right to due process of law was violated because the trial court lacked jurisdiction, (2) his conviction and sentence are "illegal," in violation of the Fifth, Sixth, Seventh, and Fourteenth Amendments, and (3) he was denied his right to self-representation and the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments.

The Court conducted an initial review of the Petition and ordered the Clerk of Court to serve a copy on Respondent, who has submitted the pending Motion for Summary Dismissal. In his Motion, Respondent contends that Claims 1, 2, and that part of Claim 3 alleging ineffective assistance of counsel were not properly exhausted and are now procedurally defaulted.[1]  In response, Petitioner concedes that he did not fairly present these claims in state court, but he asks the Court to stay the matter and hold the

---

[1] Petitioner's claim that he was denied his right to self-representation under the Sixth Amendment is not at issue.

MEMORANDUM ORDER  2

petition in abeyance pending exhaustion.  These issues are now ripe for the Court's decision.

## II.

## STANDARD OF LAW

A habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  State court remedies have been properly exhausted when the petitioner raised his claims at each level of the state's appellate review process, giving the state courts a full and fair opportunity to pass on and correct the alleged error.  *Baldwin v. Reese*, 541 U.S. 27 (2004).

When a petitioner comes to federal court with a "mixed petition," that is, a petition that contains both exhausted and unexhausted claims, the federal district court has the discretion to stay the case and hold the petition in abeyance pending the petitioner's return trip to state court for exhaustion.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  This "stay and abey" procedure is appropriate, however, only if the petitioner has shown good cause for not exhausting his claims sooner.  *Id.* at 277.  The petitioner must also demonstrate that the unexhausted claims are not meritless and that he has not engaged in dilatory litigation tactics.  *Id.* at 278.

When a constitutional claim has never been raised in state court, and it is now clear that the state courts would apply an independent and adequate state procedural ground to dismiss any new action, the petitioner has technically satisfied the exhaustion

MEMORANDUM ORDER  3

requirement, but such a claim is considered to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A federal court cannot hear a procedurally defaulted claim absent a showing of legal cause for the default and actual prejudice, or a compelling showing that the petitioner is probably innocent of the crime. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## III.

## DISCUSSION

The parties agree that Petitioner has not yet presented Claims 1, 2, and a portion of Claim 3 to the Idaho Supreme Court, but they disagree whether a state court remedy still exists for these claims, and, if so, whether Petitioner has shown good cause for his failure to exhaust before now. Specifically, Respondent asserts that these claims are procedurally barred under state law. Conversely, Petitioner argues the claims are unexhausted, and he asks the Court to stay the federal case while he attempts to exhaust Claim 2 and that part of Claim 3 that alleges ineffective assistance of trial counsel.[2] The Court will decline Petitioner's invitation.

Petitioner has already completed a direct appeal, followed by a post-conviction proceeding and an appeal from the dismissal of that action. In light of this full course of direct and collateral review, Petitioner has not indicated precisely which state court avenues of relief remain open to him. If he intends to file a new application for

---

[2] Petitioner has abandoned Clam 1. (Docket No. 20, p. 2.)

MEMORANDUM ORDER  4

post-conviction relief, that possibility appears to be foreclosed by Idaho Code § 19-4908, which prohibits successive applications unless the petitioner can provide a "sufficient reason" for the his failure to include a claim, or his failure to present a claim adequately, in the original proceeding.  *Id.*

Petitioner suggests that he may not have knowingly and voluntarily waived his statutory right to counsel in the first post-conviction matter, but it is unclear whether he intends to proffer this to the state court as a reason to allow him to initiate a second post-conviction proceeding.  Moreover, any new application would likely be untimely.  *Cf. Hernandez v. State*, 992 P.2d 789, 799 (Idaho Ct. App. 1999) (holding that while a claim of ineffective assistance of post-conviction counsel can be a sufficient reason to allow a successive filing, the new proceeding must generally be initiated within one year after the conclusion of the appeal).

Even if a state court remedy theoretically exists, this Court nonetheless concludes that Petitioner has not shown good cause for his failure to exhaust his claims sooner.  *See Rhines*, 544 U.S. at 277-78.  To the extent that Petitioner intends to pursue claims of ineffective assistance of trial counsel, he actually included such claims in his original post-conviction petition but did not argue those matters during the subsequent appeal, and he has not explained why he was unable to exhaust those issues at that time.  *State's Lodging C-1*, pp. 11-16, 49-54.  Furthermore, Petitioner has not shown that any new allegations, which are largely undefined, are potentially meritorious.  *See Rhines*, 544 U.S. at 278.

MEMORANDUM ORDER  5

For these reasons, the Court will grant Respondent's Motion for Summary Dismissal.  This case shall not be stayed but shall instead proceed on that aspect of Claim 3 in which Petitioner alleges that he was denied his right to self-representation.

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Expand the Record (Docket No. 10) is DENIED as MOOT, as the items are already contained in the state court record.

IT IS FURTHER HEREBY ORDERED that Respondents' Motion for Dismissal (Docket No. 8) is GRANTED.  Claims 1, 2, and that portion of Claim 3 alleging ineffective assistance of trial counsel shall be dismissed.

IT IS FURTHER ORDERED that Respondent shall file an Answer within 60 days of the date that this Order is entered.  If Respondent intends to file a motion for summary judgment in this case, he shall file it at the same time as his Answer.  No traverse shall be filed.

MEMORANDUM ORDER  6

IT IS FURTHER ORDERED that Petitioner's response to a motion for summary judgment shall be filed within 30 days of receiving the motion.  Respondent's reply, if necessary, shall be filed within 14 days of receiving a response.  These deadlines supercede those in "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements."

DATED:  **March 14, 2007**

/s/ Edward J. Lodge
~~Honora~~ble Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER  7