IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DWIGHT E. REBER, ) | |
| ) | |
| Petitioner, ) | Case No. CV-06-0047-S-EJL |
| ) | |
| v. ) | **MEMORANDUM ORDER** |
| ) | |
| JEFF CONWAY, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pending before the Court in this habeas corpus action are the parties' motions for summary judgment. (Docket Nos. 25, 32.) Having reviewed the record and the parties' briefing, the Court finds that oral argument is unnecessary.

For the reasons that follow, the Court concludes that Respondent is entitled to judgment as a matter of law, and this case shall be dismissed with prejudice.

## BACKGROUND

After a jury trial in state district court, Petitioner Dwight Reber ("Reber") was convicted of one count of lewd conduct with a minor. The only claim that remains in this habeas proceeding is Reber's allegation that he was denied his Sixth Amendment right to represent himself at trial.

The Idaho Court of Appeals recited the material facts as follows:

> After the jury had been sworn, but before opening statements, the district court allowed the parties to address any preliminary matters. Outside the presence of the jury, Reber expressed dissatisfaction with his counsel and their defense strategy. He did not request substitute counsel or to represent

**MEMORANDUM ORDER - 1**

himself. The district court noted Reber's dissatisfaction and stated that Reber's counsel could call witnesses in the trial to address Reber's concerns.

The trial commenced and the parties presented opening statements. C.P.N. presented testimony the first day and the morning of the second day of trial. At the close of cross-examination, Reber's counsel made an oral motion to permit Reber to personally cross-examine C.P.N. The district court denied the motion without explanation. The state then conducted redirect examination of C.P.N. and Reber's counsel conducted re-cross examination.

The next witness was C.P.N.'s fourteen-year-old sister. Following the sister's testimony, Reber's counsel made an oral motion for the court to permit Reber to personally cross-examine C.P.N's sister. In support of the motion, Reber personally addressed the court and requested permission to cross-examine the state's witnesses. He wanted to conduct the cross-examinations because he knew the important testimony that needed to be exposed better than his attorneys. He desired, however, that his counsel conduct the rest of the trial because it was out of Reber's area of knowledge. The court denied the motion because Reber was represented by counsel and because the court was not aware of any court utilizing the procedure requested by Reber. The court also stated that Reber's counsel could adequately cover the factual areas that Reber deemed necessary.

C.P.N.'s mother also presented testimony and during her cross-examination, Reber's counsel requested a hearing outside the presence of the jury. After the jury left the courtroom, Reber's counsel informed the district court that Reber desired to dismiss his two attorneys and to represent himself. The court denied the motion for self-representation without explanation.

After C.P.N.'s brother and a social worker presented testimony, the district court revisited Reber's request to represent himself. The court noted that the motion was made in the middle of testimony and that the court had assumed the grounds were the same as for the earlier motions to conduct cross-examination. Reber responded that it was too late for self-representation because the witnesses he wanted to cross-examine had concluded their testimony. He stated that there would be no purpose at that point in dismissing his attorneys, as they knew the law and he did not. Although the court did not explicitly state why it denied Reber's motion for self-representation, it agreed with the state's argument that it was inappropriate to dismiss counsel in the middle of cross-examination.

*State v. Reber*, 61 P.3d 632, 633-34 (Idaho Ct. App. 2002).

Based on these facts, the Idaho Court of Appeals concluded that Reber's assertion of

**MEMORANDUM ORDER - 2**

his right to self-representation was untimely because he made his request after the "commencement of meaningful trial proceedings." *Id*. at 635. The Court of Appeals concluded further that although the district court retained the discretion to grant the late request, it did not abuse that discretion by denying it. *Id*. The Idaho Supreme Court declined to review the case.

After completing post-conviction proceedings, Reber filed his federal Habeas Corpus Petition, alleging three claims for relief. The Court granted Respondent's motion to dismiss Claims 1, 2, and a portion of Claim 3, and Reber's only remaining claim is that he was denied his right to self-representation.

Respondent has filed an Answer, and both parties have now filed motions for summary judgment on the merits of this claim. The issues have been fully briefed, and the Court is ready to rule.

## STANDARD OF LAW

The Federal Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure. *See* Rule 11 of the Rules Governing Section 2254 Cases. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Id*. In general, summary judgment is not inconsistent with habeas practice and procedure*, see Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977), but a

**MEMORANDUM ORDER - 3**

motion for summary judgment in a habeas case must be reviewed in light of the substantive provisions of the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA requires a federal court to defer to reasonable state court adjudications on the merits of constitutional claims. Accordingly, an application for writ of habeas corpus shall not be granted unless the state court's adjudication of a claim either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)&(2).

Section 2254(d)(1) contains a "contrary to" and an "unreasonable application" clause, each with an independent meaning. To show that a decision is "contrary to" federal law, a petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

Under the "unreasonable application" clause, the petitioner must establish that the state court was "unreasonable in applying the governing legal principle to the facts of the case." *Id.* at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the state court decision is incorrect or wrong; rather, the state

**MEMORANDUM ORDER - 4**

court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). Although the controlling federal law is derived from the holdings of United States Supreme Court cases, a federal court may look to lower court cases for persuasive guidance as to what is a reasonable interpretation of the law. *Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 2000).

Section 2254(d)(2) is applicable to a review of a state court's factual findings. Under that subsection, the petitioner must show that the state court's decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id*. If a petitioner wishes to rebut state court findings of fact by extrinsic evidence, he must come forward with clear and convincing evidence that the finding was incorrect. 28 U.S.C § 2254(e)(2).

## CLEARLY ESTABLISHED FEDERAL LAW

In *Faretta v. California*, 422 U.S. 806 (1975), the Supreme Court held that a defendant has a right under the Sixth Amendment, made applicable to the states by the Fourteenth, to waive the assistance of counsel and to represent himself at a criminal trial.

The right to self-representation is not absolute, however, and it need not be permitted under all circumstances. The trial court must first ensure that the defendant has waived his right to counsel knowingly and intelligently, and the court retains the authority "to terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta*, 422 U.S. at 834, n.46, 835. Additionally, although a trial court can force a defendant to have "standby counsel," within reasonable limits, the defendant does not

**MEMORANDUM ORDER - 5**

have a constitutional right to an active, hybrid-type of representation, where he examines some of the witnesses and argues his case while his attorney acts as co-counsel and handles other matters. *McKaskle v. Wiggins*, 465 U.S. 168, 178-79, 183 (1984); *Locks v. Sumner*, 703 F.2d 403, 407-08 (9th Cir. 1983).

In *Martinez v. Court of Appeal of California*, 528 U.S. 152 (2000), the Supreme Court noted that most courts require a defendant to invoke his *Faretta* right "in a timely manner." *Id*. at 162. Several circuit courts, including the Ninth Circuit, have concluded that a request is timely only if it has been made before meaningful trial proceedings have begun, which, in cases involving jury trials, occurs once the jury is selected and empaneled. *See, e.g., United States v. Smith*, 780 F.2d 810, 811 (9th Cir. 1986); *United States v. Betancourt-Arrestuche*, 933 F.2d 89, 96 (1st Cir. 1991); *Chapman v. United States*, 553 F.2d 886, 887 (5th Cir. 1997). Even a timely request may be denied if it has been made with an intent to cause delay. *United States v. Kaczynski*, 239 F.3d 1108, 1117-1118 (9th Cir. 2001).

## DISCUSSION

This Court has reviewed the state court's determination that Reber's motion for self-representation was untimely and properly denied, and the Court concludes that this decision is neither contrary to nor an unreasonable application of clearly established federal law.

Reber's initial requests were, at best, for a type of hybrid representation. He expressed his dissatisfaction with his counsel's performance for the first time after the jury had been selected, but he did not ask the trial court to allow him to proceed *pro se*. Later, he sought the court's permission to cross-examine a few key witnesses while his attorneys

**MEMORANDUM ORDER - 6**

would examine other witnesses and handle any questions of law that might arise. This request was denied, and Reber clearly did not have a constitutional right to demand such an arrangement. *See McKaskle*, 465 U.S. at 181. It was not until his efforts to engage in hybrid representation were thwarted that he finally moved the court to dismiss his attorneys and to allow him to proceed as his own counsel. (State's Lodging A-2, p. 396.) This motion was made on the second day of trial.

While *Faretta* does not speak directly as to when the right to self-representation must be asserted, the Supreme Court indicated that the defendant in that case had made his request "weeks before trial." 422 U.S. at 835. In *Martinez v. Court of Appeal of California*, the Court cited with approval the consensus in the lower courts that a request for self-representation must be "timely," but it expressed no opinion as to exactly what that meant. As a result, the Ninth Circuit has concluded that "because the Supreme Court has not clearly established when a *Faretta* request is untimely, other courts are free to do so as long as their standards comport with [*Faretta*'s] holding that a request 'weeks before trial' is timely." *Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir. 2005). Therefore, the Idaho Court of Appeals was free to conclude that Reber's request to represent himself, made long after the jury was empaneled and after several witnesses had testified, was untimely.

Reber seems to suggest that even an untimely motion must be granted if the defendant does not intend to disrupt the trial process. (Docket No. 34, pp. 5-6.) This is incorrect; a finding of untimeliness *or* a dilatory purpose will support a trial court's decision to deny a motion for self-representation without running afoul of the defendant's Sixth Amendment

**MEMORANDUM ORDER - 7**

right.  *See, e.g.*, *Marshall*, 395 F.3d at 1062 (affirming the denial of habeas relief based upon the state court's conclusion that a request had been untimely); *see also United States v. Smith*, 780 F.2d 810, 811 (9th Cir. 1986) (affirming trial court's alternative finding that "even assuming Smith's request had been timely, the purpose of the request was to cause delay").

Nor is the Court persuaded by Reber' argument that the state court reached an unreasonable result because he was unable to make a knowing and intelligent decision until he observed his appointed counsel's allegedly deficient performance at the trial.  (Docket No. 34, pp. 5-6.)  Nothing in *Faretta* or its progeny requires a trial court to give a criminal defendant a dry run at trial before electing whether to proceed *pro se*.  Moreover, a defendant will usually know well before trial the extent to which his counsel has consulted with him and has prepared a defense in accordance with his wishes.  In any event, regardless of defense counsel's skill or the quality of the defense that counsel intends to present, a defendant should be able to decide in a timely manner whether he wishes to defend against the State's accusations in his own voice without counsel being forced upon him, which is the primary interest that the right to self-representation is designed to preserve.  *Faretta*, 422 U.S. at 820 (noting that the right to the assistance of counsel is not intended to be "an organ of the State interposed between an unwilling defendant and his right to defend himself personally").

Therefore, because there are no genuine issues of material fact, and because the Idaho Court of Appeals' decision is neither contrary to nor an unreasonable application or clearly

**MEMORANDUM ORDER - 8**

established federal law, Respondent is entitled to judgment as a matter of law.[1] This case shall be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Respondent's Motion for Summary Judgment (Docket No. 25) is GRANTED;

2. Petitioner's Motion for Summary Judgment (Docket No. 32) is DENIED;

3. The Petition for Writ of Habeas Corpus is DENIED.

4. This cause of action shall be DISMISSED.

**SO ORDERED.**

DATED: **November 21, 2007**

Honorable Edward J. Lodge
U. S. District Judge

---

[1] The Court notes that although Reber mentions, in passing, that the Idaho Court of Appeals' failure to acknowledge his supposed inability to make an informed choice before observing his counsel in action amounted to an "objectively unreasonable determination of the facts" (Docket No. 34, p. 6), this Court finds such an argument to be directed to the state court's application of law, rather than its findings of fact. Reber does not contend, for instance, that the record establishes that he made a request to represent himself much earlier than the state court found. Accordingly, 28 U.S.C. § 2254(d)(2) is not applicable here.